UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Israel Aquilar, | Court No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| OCWEN LOAN SERVICING, LLC AND OCWEN MORTGAGE SERVICING, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff, by counsel and pursuant to the Federal Rules of Civil Procedure, asserts the following:

### INTRODUCTION

1. This action for damages is brought by an individual plaintiff in response to Defendants' violations of the the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and common law Negligence violations.

2. The Telephone Consumer Protection Act ("TCPA") was designed to prevent calls like the ones described within this Complaint, and to protect the privacy of citizens like the plaintiff. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call. . . ." TCPA, Pub.L. No. 102–243, at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. Israel Aquilar ("Aquilar" or "Plaintiff"), through his attorneys, brings this action to challenge the actions of Ocwen Loan Servicing, LLC ("OLS") and Ocwen Mortgage Servicing, Inc. ("OMS"), (collectively "Ocwen" or "Defendants") with regard to attempts by Defendants to unlawfully and

abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

6. The statute of limitations is tolled due to the commencement of a class action based on same or similar allegations in the matter of *Keith Snyder, on behalf of himself and all others similarly situated v. Ocwen Loan Servicing, LLC,* Case No. 1:14-cv-8461, filed against Defendant on October 27, 2014 in the Northern District of Illinois. *See America Pipe & Construction Co v. State of Utah*, 414 U.S. 538 (1974).

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. Unless otherwise stated, all the conduct engaged in by Defendants took place in Minnesota.

10. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

**JURISDICTION AND VENUE**

11. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367 for supplemental state claims.

12. This action arises out of Defendant's violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

13. Because Defendant does business within the District of Minnesota, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in the District of Minnesota.

## PARTIES

15. Plaintiff is a natural person who resides in the City of Glencoe, State of Minnesota.

16. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Defendant OLS has its principal place of business in the City of West Palm Beach, in the State of Florida.

18. Defendant OMS has its principal place of business in Frederiksted, St. Croix in the U.S. Virgin Islands.

19. Defendants are "persons" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

20. Between April 13, 2012 through December 15, 2015 Defendants called Plaintiff on Plaintiff's cellular telephone number ending in 9572 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. §

227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

21. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22. When Plaintiff would answer the calls from Defendants, there would often be a silence, sometimes with a click or beep-tone, before an Ocwen Representative would pick up and start speaking.

23. Sometimes, Plaintiff would receive calls from Defendants in which the caller was a recorded voice or message, rather than a live representative.

24. In total, Plaintiff has received at least 1017 calls from Defendants on Plaintiff's cellular telephone.

25. For example, Plaintiff received at least 594 calls in 2012 from Defendants, particularly significant volumes of calls on single days:

- 25 calls on Friday, October 5, 2012.
- 23 calls on Saturday, October 13, 2012.
- 37 calls on Wednesday, October 17, 2012.
- 20 calls on Friday, November 9, 2012.
- 19 calls on Saturday, November 10, 2012.
- ***46 calls* on Sunday, November 11, 2012**—Veterans Day.
- 37 calls on Wednesday, November 14, 2012.

26. Plaintiff clearly revoked any type of prior express consent, if prior express consent ever existed, by stating that Plaintiff no longer wished to be contacted by telephone.

27. Plaintiff answered several of the above mentioned telephone calls from Defendants and asked Defendants to stop calling.

28. Despite this clear and unmistakable request, the calls continued without interruption.

29. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

30. Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by Plaintiff.

31. The calls by Defendants to Plaintiff's cell phone continued, even after Plaintiff's oral revocation.

32. As a result, the telephone calls by Defendants, or its agent(s), violated 47 U.S.C. § 227(b)(1).

33. Plaintiff was personally affected, becoming frustrated and distressed that, despite telling Defendants to stop calling Plaintiff's cellular phone, Defendants continued to harass Plaintiff with collection calls using an ATDS.

34. The unrelenting, repetitive calls disrupted Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's phone.

35. The calls placed by Defendants to Plaintiff were extremely intrusive, including Plaintiff's relationships with close family members.

36. Specifically, Plaintiff began to ignore or send to voicemail many incoming calls from unknown numbers, out of frustration in dealing with Defendants' unwanted and intrusive calls.

37. In doing so, Plaintiff missed important communications from friends and family.

38. Through their actions, Defendants' breached their duty of care to Plaintiff and caused Plaintiff damages.

*Damages*

39. Defendants caused an invasion of Plaintiff's privacy by calling his cellular phone over 1,017 times in an attempt to collect a debt.

40. Defendants caused Plaintiff emotional distress and embarrassment by calling him repeatedly and continuously.

41. Defendants consumed and wasted Plaintiff's cell phone battery life.

42. Defendants wasted hours of Plaintiff's time by calling Plaintiff when Defendants had no right to call Plaintiff.

43. Defendants caused the Plaintiff to suffer the frustration and annoyance the TCPA was enacted to prevent. *See, e.g., Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.")

### STANDING

44. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    a. a valid injury in fact;

    b. which is traceable to the conduct of Defendant;

    c. and is likely to be redressed by a favorable judicial decision.

    See, *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560.

45. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

### *The "Injury in Fact" Prong*

46. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (Id.)*.

47. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. In the present case, Plaintiff was called on her cellular phone by Defendant. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). All three of these injuries are concrete and *de facto*.

48. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 7*. In the instant case, it was plaintiff's phone that was called and it was plaintiff herself who answered the calls. It was plaintiff's personal privacy and peace that was invaded by Defendant's persistent phone calls using an ATDS. Finally, plaintiff alone is responsible to pay the bill on her cellular phone. All of these injuries are particularized and specific to plaintiff, and will be the same injuries suffered by each member of the putative class.

### *The "Traceable to the Conduct of Defendant" Prong*

49. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that her injury is traceable to the conduct of Defendant(s).

50. In the instant case, this prong is met simply by the fact that the calls to plaintiff's cellular phone were placed either, by Defendant directly, or by Defendant's agent at the direction of Defendant.

### *The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

51. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

52. In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff and the members of the putative class.

53. Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

54. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016),* Plaintiff has standing to sue Defendant on the stated claims.

## CAUSES OF ACTION

### COUNT I

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. 227

55. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

56. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

57. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

58. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. 227

59. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

60. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

61. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

62. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III

### NEGLIGENCE

63. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

64. Defendants had a duty to use care to not infringe on Plaintiff's privacy rights when collecting on alleged debts and not calling Plaintiff hundreds of times to harass and/or abuse Plaintiff.

65. Defendants breached that duty by calling Plaintiff on Plaintiff's cellular telephone an excessive number of times, as discussed above, and continued to call despite Plaintiff's request that the calls stop.

66. Defendants negligence was a substantial and proximate factor in causing Plaintiff the harm and injury described above.

67. Plaintiff was harmed and suffered injury as described above.

68. As a result, Plaintiff is entitled to actual damages.

69. Defendants' conduct was malicious and oppressive.

70. As a result, Plaintiff is entitled to punitive damages.

## COUNT IV

## NEGLIGENCE PER SE - TCPA

71. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

72. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.

73. Thus, Plaintiff is within the protective class which the TCPA is designed to protect.

74. As described above, Defendants breached their duty when they violated the TCPA.

75. Defendants' violation of the TCPA was a substantial and proximate factor in causing Plaintiff this harm and injury described above.

76. As said conduct was carried out by Defendants in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendants' conscious disregard for the rights and safety of Plaintiff or their family. As such Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

### COUNT I

### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

- Statutory damages of $500 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Any and all other relief that the Court deems just and proper.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

- Statutory damages of $1,500, for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Any and all other relief that the Court deems just and proper.

## COUNT III

### NEGLIGENCE

- An award of actual damages;

- An award of punitive damages;

- Any and all other relief that the Court deems just and proper.

## COUNT IV

### NEGLIGENCE PER SE

- An award of actual damages;

- An award of punitive damages;

- Any and all other relief that the Court deems just and proper.

### JURY DEMAND

77. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

                                        Respectfully Submitted,

Date: <u>May 9, 2017</u>               By: <u>/s/ Anthony Chester</u>
                                          Anthony P. Chester (#0396929)
                                          Robert L. Hyde (#035109X)
                                          **HYDE & SWIGART**
                                          120 S. 6th St., Suite 2050
                                          Minneapolis, MN 55402
                                          Telephone:  (952) 225-5333
                                          Facsimile:   (800) 635-6425
                                          Email: <u>tony@westcoastlitigation.com</u>

                                          *Attorneys for Israel Aquilar*